UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARY RIVARD, )
    Plaintiff, )
                            ) CIVIL ACTION NO. 04-40247
v. )
                            )
HD DEVELOPMENT OF MARYLAND, INC. )
    Defendant. )

## HOME DEPOT USA, INC.'S ANSWER AND JURY DEMAND

Home Depot USA, Inc., incorrectly sued herein as HD Development of Maryland, Inc. ("Home Depot") responds to the plaintiff's complaint as follows:

1. Home Depot lacks sufficient knowledge and information to admit or deny the allegations in paragraph 1.

2. Home Depot admits that Home Depot USA, Inc. is a Delaware corporation with a principal place of business in Atlanta, Georgia and at all relevant times operated a retail store at 135 Commercial Road, Leominster, Massachusetts. Home Depot denies the remaining allegations in paragraph 2.

3. Home Depot lacks sufficient knowledge and information to admit or deny the allegations in paragraph 3.

4-5. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiffs Complaint is barred by insufficient service and/or service of process.

### SECOND AFFIRMATIVE DEFENSE

The plaintiffs Complaint fails to state a claim upon which relief can be granted against Home Depot.

## THIRD AFFIRMATIVE DEFENSE

The plaintiffs Complaint should be dismissed because the plaintiff has misnamed the defendant.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery in whole or in part on any theory of negligence because of her own negligence.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiff is barred from any recovery because her alleged injuries and damages were caused by the acts or omissions of third persons over whom Home Depot exercised no control and for whose conduct Home Depot bears no responsibility.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery in whole or in part because she failed to mitigate her damages.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiff is barred from any recovery because the plaintiffs conduct, considered alone or in conjunction with that of non-parties, was the sole proximate cause of the alleged injuries and damages.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery because the alleged damages were caused by the intervening and superseding actions of third persons.

## NINTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because the plaintiff did not give Home Depot proper or adequate notice of the event, causing Home Depot substantial prejudice.

## JURY DEMAND

Home Depot demands a trial by jury on all issues.

Respectfully submitted,
HOME DEPOT USA, INC.
SUED AS HD DEVELOPMENT OF MARYLAND, INC.
By Its Attorneys,
CAMPBELL CAMPBELL EDWARDS & CONROY PROFESSIONAL CORPORATION,

_____
James M. Campbell (BBO# 541882)
Kenneth M. Robbins (BBO# 636231)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

## CERTIFICATION

I hereby certify that I served the within document, by causing a copy to be delivered by first class mail to all parties on December 7, 2004.

John L. Rancone
Rancone Law Offices, P.C.
142 Main Street
Leominster, MA 01453

_____
Kenneth M. Robbins

3