| CIVIL ACTION COVER SHEET | DOCKET NO(S) 04-2093C | Trial Court of Massachusetts Superior Court Department County: WORCESTER |
|---|---|---|

**PLAINTIFF(S)**
MARY RIVARD

**DEFENDANT(S)**
HD DEVELOPMENT OF MARYLAND, INC.

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE** 978-534-2444
John L. Roncone, Esq., BBO#:426660
142 Main Street, Leominster, MA 01453
Board of Bar Overseers number:

**ATTORNEY** (if known)

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B 20 | Personal Injury/Slip and Fall | ( F ) | ( X ) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................... $ 511.47
2. Total Doctor expenses ........................................... $1,233.00
3. Total chiropractic expenses ........................................... $
4. Total physical therapy expenses ........................................... $
5. Total other expenses (describe) Centmass Imaging - Radiology ........................................... $ 91.00
   Subtotal $1,835.47
B. Documented lost wages and compensation to date ........................................... $
C. Documented property damages to date ........................................... $
D. Reasonably anticipated future medical and hospital expenses Estimated Dental ........................................... $8,360.00
E. Reasonably anticipated lost wages ........................................... $
F. Other documented items of damages (describe)
   TOTAL - $10,195.47
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Bruising and abrasions to jaw and left eye; facial numbness on left side; double vision; nose bleed; fracture of posterior lateral wall of left sinus; abrasion to left second finger; swelling of left ankle.
   $250,000.00
   TOTAL $260,195.47

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

A true copy by photostatic process
Attest: _M Dolch_
Asst. Clerk

TOTAL $ ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 10-19-04
John L. Roncone, Esquire

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT
SUPERIOR COURT DEPARTMENT

**FILED**

UNIFORM COUNSEL CERTIFICATION
FOR CIVIL CASES

CASE NAME:   Re: Mary Rivard
             Vs. HD Development of Maryland, Inc.          DOCKET #: 04-2093

I am attorney-of-record for **MARY RIVARD**, plaintiff, in the above-entitled matter.

In accordance with Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) which states in part: "....Attorneys shall: provide their clients with this information about court-connected dispute resolution services; discuss with their clients the advantages and disadvantages of the various methods of dispute resolution; and certify their compliance with this requirement on the civil cover sheet or its equivalent ...," I hereby certify that I have compiled with this requirement.

John L. Roncone
B.B.O.#: 426660
Date: 10/14/2004

A true copy by photostatic process
Attest:
  Asst. Clerk

This certification may be filed by counsel as is, or this text may be incorporated into a form currently in use at the initiation of a case (e.g., civil cover sheet, appearance form, etc.), as determined to be appropriate in each department of the Trial Court. Plaintiffs/Petitioner's counsel shall file this document at the time his/her initial pleading is filed. All other counsel shall file it within thirty (30) days of his/her initial entry into the case whether by answer, motion, appearance slip or other pleading.

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.                              SUPERIOR COURT DEPARTMENT
                                            OF THE TRIAL COURT
                                            WORCESTER DIVISION
                                            C.A. NO:
                                                    04-2093

| | |
|---|---|
| MARY RIVARD, <br>               **Plaintiff** <br> vs. <br> HD DEVELOPMENT OF <br> MARYLAND, INC., <br>               **Defendant** | PLAINTIFF'S COMPLAINT <br><br> FILED <br><br> OCT   2004 <br> ATTEST: |

1.  The Plaintiff, **MARY RIVARD**, is an individual who resides at 19 Simon Hill Road, Hubbardston, Worcester County, Massachusetts.

2.  The Defendant, **HD DEVELOPMENT OF MARYLAND, INC.**, is a duly organized corporation with a business address of 135 Commercial Road, Leominster, Worcester County, Massachusetts. At all times relevant on October 14, 2002, Defendant was the record title owner of said premises located at 135 Commercial Road, Leominster, Worcester County, Massachusetts.

3.  On or about October 14, 2002, at approximately 4:00 p.m., the Plaintiff was at all times material lawfully on the premises of the Defendant, at 135 Commercial Road, Leominster, Worcester County, Massachusetts.

4.  At all times material thereto, the Defendant negligently and carelessly maintained its property so as to cause the Plaintiff to slip and fall on the Defendant's property on said date, time and place above referenced.

5.  As a direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff has suffered severe, disabling and permanent injuries, has incurred medical expenses; and will continue to incur medical expenses in the future, has suffered and will continue to suffer pain of body and mind, has been and will be unable to carry on her usual duties, and has been otherwise damaged.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant in an amount that will fully and fairly compensate the Plaintiff, including interest, costs and reasonable attorneys' fees.

## PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES

Plaintiff, MARY RIVARD,
By her attorney,

*/s/ John L. Roncone*
JOHN L. RONCONE
BBO# 426660
RONCONE LAW OFFICES, P.C.
142 Main Street
Leominster, Massachusetts 01453
(978) 534-2444

DATED: October 19, 2004

A true copy by photostatic process
Attest: /s/
Asst. Clerk

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.                    SUPERIOR COURT DEPARTMENT
                                  OF THE TRIAL COURT
                                  WORCESTER DIVISION
                                  C.A. NO:
                                       04-2093

MARY RIVARD,                )
          Plaintiff         )
                            )
vs.                         )
                            )
HD DEVELOPMENT OF           )
MARYLAND, INC.,             )
          Defendant         )
                            )

## STATEMENT OF DAMAGES

XX Plaintiff ____ Defendant ____ Other

(specify)_____ in the above-captioned action, hereby

asserts that the money damages sought by means of the XX

complaint _____ cross claim _____ counterclaim to which this

statement of damages is attached, amount to $250,000.00.

MARY RIVARD,
by her attorney,

A true copy by photostatic process
Attest:
    Asst. Clerk

John L. Roncone
BBO#426660
RONCONE LAW OFFICES, P.C.
142 Main Street
Leominster, MA 01453
(978) 534-2444

DATED: October 19, 2004

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action No. 04-2093C

**FILED NOV 17 2004**
ATTEST: [signature]

MARY RIVARD, ) 
) Plaintiff(s)
) 
v. ) **SUMMONS**
) 
HD DEVELOPMENT OF )
MARYLAND, INC., )
) Defendant(s)

\* To the above-named Defendant: HD DEVELOPMENT OF MARYLAND, INC.

You are hereby summoned and required to serve upon John L. Roncone, Esquire, plaintiff's attorney, whose address is 142 Main Street, Leominster, MA 01453, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the 19th day of October in the year of our Lord two thousand and four.

A true copy by photostatic process
Attest: [signature]
Asst. Clerk

[signature]
**Clerk**

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\* NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 21.

WORCESTER, ss.
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT
WORCESTER DIVISION
CIVIL ACTION NO. WOCV2004-02093-C

MARY RIVARD, )
    Plaintiff, )
)
v. )
)
HD DEVELOPMENT OF MARYLAND, INC. )
    Defendant. )

FILED
NOV 29 2004
ATTEST:

## HOME DEPOT USA, INC.'S
## ANSWER AND JURY DEMAND

Home Depot USA, Inc., incorrectly sued herein as HD Development of Maryland, Inc. ("Home Depot") responds to the plaintiff's complaint as follows:

1. Home Depot lacks sufficient knowledge and information to admit or deny the allegations in paragraph 1.

2. Home Depot admits that Home Depot USA, Inc. is a Delaware corporation with a principal place of business in Atlanta, Georgia and at all relevant times operated a retail store at 135 Commercial Road, Leominster, Massachusetts. Home Depot denies the remaining allegations in paragraph 2.

3. Home Depot lacks sufficient knowledge and information to admit or deny the allegations in paragraph 3.

4-5. Denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The plaintiff's Complaint is barred by insufficient service and/or service of process.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted against Home Depot.



### THIRD AFFIRMATIVE DEFENSE

The plaintiff's Complaint should be dismissed because the plaintiff has misnamed the defendant.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery in whole or in part on any theory of negligence because of her own negligence.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff is barred from any recovery because her alleged injuries and damages were caused by the acts or omissions of third persons over whom Home Depot exercised no control and for whose conduct Home Depot bears no responsibility.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery in whole or in part because she failed to mitigate her damages.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiff is barred from any recovery because the plaintiff's conduct, considered alone or in conjunction with that of non-parties, was the sole proximate cause of the alleged injuries and damages.

### EIGHTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery because the alleged damages were caused by the intervening and superseding actions of third persons.

### NINTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because the plaintiff did not give Home Depot proper or adequate notice of the event, causing Home Depot substantial prejudice.

## JURY DEMAND

Home Depot demands a trial by jury on all issues.

Respectfully submitted,
HOME DEPOT USA, INC.
SUED AS HD DEVELOPMENT OF
MARYLAND, INC..
By Its Attorneys,
CAMPBELL CAMPBELL EDWARDS & CONROY
PROFESSIONAL CORPORATION,

James M. Campbell (BBO# 541882)
Christopher A. Callanan (BBO# 630649)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

## CERTIFICATION

I hereby certify that I served the within document, by causing a copy to be delivered by hand to all parties on November 29, 2004.

John L. Rancone
Rancone Law Offices, P.C.
142 Main Street
Leominster, MA 01453

Christopher A. Callanan

A true copy by photostatic process
Attest:
    Asst. Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARY RIVARD,
       Plaintiff,
                                          )
v.                                        )
                                          )  CIVIL ACTION NO.
HD DEVELOPMENT OF MARYLAND, INC.          )
       Defendant.                         )
                                          )  04-40247

## NOTICE OF REMOVAL

TO: THE CHIEF JUDGE AND JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

Home Depot, USA, Inc., incorrectly sued as HD Development of Maryland, Inc. ("Home Depot") files this Notice of Removal of the above-captioned action from Worcester Superior Court, Worcester County, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts. In support of its Notice of Removal, Home Depot states as follows:

1. As appears from Docket No. WOCV2004-02093 C on file in the Worcester Superior Court, the plaintiff filed a complaint which was served with a Summons upon CT Corporation System on November 8, 2004. A copy of the Summons, Complaint, and Statement of Damages is attached to this Notice as Exhibit "A".

2. According to the Complaint, this is a negligence action which alleges personal injuries resulting from a slip and fall on the defendant's property. The plaintiff claims that she sustained "severe, disabling and permanent injuries, has incurred medical expenses; and will continue to incur medical expenses in the future, has suffered and will continue to suffer pain of body and

FILING FEE PAID:
RECEIPT # 404461
AMOUNT $ 150.00
BY DPTY CLK
DATE 11/29/04

mind, and has been and will be unable to carry on her usual duties and has been otherwise damaged."

3. In her Statement of Damages, the plaintiff itemizes damages totaling $260,195.47.

4. The plaintiff is a resident of Hubbarston, Worcester County, Massachusetts.

5. Home Depot USA, Inc. is a Delaware corporation with a principal place of business in Atlanta, Georgia.

6. Jurisdiction is founded on the complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332. The amount in controversy, at least according to the plaintiff's allegation, exceeds $75,000.

7. This Notice of Removal is being filed within the time period required by 28 U.S.C. § 1446(b).

HOME DEPOT USA, INC.
By Its Attorneys,
CAMPBELL CAMPBELL EDWARDS & CONROY
PROFESSIONAL CORPORATION

James M. Campbell, BBO # 541882
Christopher A. Callanan, BBO# 630649
One Constitution Plaza
Boston, MA 02129
617-241-3000

11/24/04

A true copy by photostatic process
Attest: 
Asst. Clerk

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the following attorney of record by mail on November 24, 2004.

       John L. Roncone
       Roncone Law Offices, P.C.
       142 Main Street
       Leominster, MA 01453

       /s/ Christopher A. Callanan

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

MARY RIVARD

**DEFENDANTS**

HD DEVELOPMENT OF MARYLAND, INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
John L. Roncone
Roncone Law Offices P.C.
142 Main Street, Leominster, MA 01453
(978) 534-2444

ATTORNEYS (IF KNOWN)
James M. Campbell
Christopher A. Callanan
Campbell Campbell Edwards & Conroy
One Constitution Plaza, Boston, MA 02129
(617) 241-3000

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

The plaintiff alleges injury after slipping and falling in the defendant's premises.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):   JUDGE    None    DOCKET NUMBER

DATE 11-24-04    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)
   Mary Rivard v. HD Development of Maryland, Inc.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   _X_ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,    04-40247
             690, 810, 861-865, 870, 871, 875, 900.

   ___ V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   None

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES ___    NO X

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES ___    NO X

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES ___    NO X

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES ___    NO X

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   YES X    NO ___

   A.    IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

         EASTERN DIVISION         CENTRAL DIVISION         WESTERN DIVISION

   B.    IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

         EASTERN DIVISION         CENTRAL DIVISION         WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   James M. Campbell/Christopher A. Callanan
ADDRESS   Campbell, Campbell Edwards & Conroy, 1 Constitution Plaza, Boston, MA 02129
TELEPHONE NO.   617-241-3000

(Cover sheet local.wpd - 11/27/00)